■ In the Matter of the Claim of CLYDE RANGE, Respondent, v. MARLIN-ROCKWELL CORP. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal from a decision awarding benefits for a percentage loss of use of the right arm resulting from a torn biceps muscle caused or aggravated by an accidental injury evidenced by a sharp, knifelike pain, occurring while claimant was performing heavy work in the process of hardening steel rings by use of a furnace. Appellants deny causal relationship or, indeed, the occurrence of any accident, and assert that the exclusion from evidence of a statement taken from claimant by the carrier constituted reversible error. Each of two attending physicians reported causal relationship. The physicians agreed that one of the symptoms — an area of discoloration — was caused by some incident occurring prior to the date of the industrial accident claimed, but each attributed the muscle injury and deformity to that accident, either directly or by way of aggravation. Appellants submitted no medical proof in contradiction. The board had warrant to find accident — occurring at the moment of the sharp, sudden pain — and related disability. Under elementary principles, the written statement signed by claimant should have been received in evidence but its exclusion was not prejudicial and does not warrant reversal; inasmuch as the portions thereof which appellants consider significant and which related to pain sustained by claimant while bowling, a week before the alleged accident, and to subsequent medical treatment therefor, were admitted by claimant; he was cross-examined concerning the incident, as were both physicians, one of whom treated him at the time of the first incident and again after the incident which occurred at work; the statement was attached to, and made the basis of appellants' argument in their application for board review; and its contents were discussed before the board panel when, indeed, claimant's attorney conceded the fact of the prior incident. The appeal presents factual issues only and the record contains substantial evidence supportive of the award. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, Reynolds, Taylor and Aulisi, JJ., concur.